FILED & ENTERED

APR 25 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoan DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>PHILIP E. KOEBEL,<br><br>　　　　　　　　　　　Debtor(s). | Case No: 2:12-bk-12597-WB<br><br>CHAPTER 13<br><br>**MEMORANDUM OF DECISION RE DEBTOR'S MOTION TO DISALLOW CLAIM NO. 8 OF OCWEN LOAN SERVICING LLC AND OCWEN LOAN SERVICING LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date:　June 26, 2013<br>Time:　1:30 p.m.<br>Place:　Courtroom 1375<br>　　　　255 E. Temple Street<br>　　　　Los Angeles, CA 90012 |

　　　Phillip E. Koebel, the debtor herein (the "Debtor"), filed his Motion for Disallowance of Proof of Claim No. 8-1 filed by Ocwen Loan Servicing, LLC ("Ocwen") (the "Claim").[1] The Debtor asserts that the Claim should be disallowed in its entirety based on Ocwen's failure to acknowledge

---

[1] On July 31, 2013, Ocwen transferred the Claim to Nationstar Mortgage, LLC.

1

the permanent loan modification entered into between the Debtor and Ocwen.  Alternatively, the Debtor contends that the Claim should only be allowed in accordance with the Loan Modification Agreement.  Ocwen contends that the Debtor is barred from raising his objection on the grounds of claim preclusion and issue preclusion based on the dismissal with prejudice of the Debtor's state court lawsuit against Ocwen and the subsequent dismissal of the Debtor's lawsuit filed in the District Court.  Alternatively, Ocwen argues that there was no loan modification.  Ocwen also filed its Motion for Relief from the Automatic Stay to proceed with a foreclosure sale on the Debtor's property.  Ocwen sought relief under sections 362(d)(1) and 362(d)(4) based on allegations that the case was filed in bad faith and because the Debtor did not make post-petition payments in the full amount owing under the note.  The Debtor contends that the case was filed in good faith, the loan was modified and the Debtor made payments in the modified amount.  Thus, the central issue on the Motion to Disallow Ocwen's Claim and on Ocwen's Motion for Relief from Stay is whether the Debtor's loan was modified.

The Court heard argument on these motions on June 26, 2013 at 1:30 p.m. and took the matters under submission.  For the reasons set forth below, the Court will deny the Motion for Disallowance of Claim and grant the Motion for Relief from the Automatic Stay because the Debtor is barred from raising his objections based on the doctrines of claim preclusion and issue preclusion.  The relevant facts are as follows:

On June 23, 2008, the Debtor executed a Deed of Trust in the amount of $360,000.00 for the real property located at 255 Robinson Road, Pasadena, CA (the "Property").  A Notice of Default was recorded on July 11, 2009 as the Debtor was in arrears in the amount of $16,211.14.  On July 20, 2010, Ocwen sent a letter to the Debtor that notified the Debtor that he was approved to enter into a trial period payment plan under the Home Affordable Modification Program ("HAMP") and provided

2

that to accept this offer, the Debtor was required to make new monthly "trial period payments" in place of his normal monthly mortgage payment. Under the trial period payment plan, the Debtor was required to make payments in the amount of $1,344.85 by September 1, 2010, October 1, 2010 and November 1, 2010.

On August 25, 2010, Ocwen sent two letters to the Debtor. One letter informed the Debtor that he was entitled to a Home Affordable Modification. This letter informed the Debtor how to accept the offer, required that the Debtor sign and return the agreement to Ocwen prior to December 1, 2010, and continue to make the trial period payments on time. The letter provided the terms of the permanent modification, including the new principal balance and interest rate, and enclosed the Home Affordable Modification Agreement (the "HAMA"). The HAMA provided that it would amend and supplement the mortgage and note on the Property if the representations of the borrower in section 1 of the HAMA continued to be true and correct. The HAMA provided that the servicer would not be obligated to modify the Loan Documents if the borrower failed to meet any one of the requirements under the Agreement, including providing a title endorsement or subordination agreement from other lienholders to maintain a first priority lien position. The modified terms of the loan required the borrower to make monthly payments of $1,344.95 for 5 years starting on December 1, 2010, with payments adjusting annually thereafter.

The second letter from Ocwen to the Debtor dated August 25, 2010 stated that the Debtor was not eligible for a Home Affordable Modification "[b]ased on our review of the documentation you

3

provided... There is an issue with your mortgage title that prevents acceptance into this program. Please contact us at the number below to determine the cause of this issue..."[2]

On November 24, 2010, the Debtor signed the HAMA and returned it to Ocwen. The Debtor continued to make monthly payments in the amount of $1,344.95 until April 2011. On May 9, 2011, a foreclosure sale of the Property took place. On May 23, 2011, the Debtor filed a lawsuit against Ocwen and others in the Superior Court for the State of California ("State Court Action") asserting claims for Declaratory Relief, Wrongful Foreclosure, Fraud, Unjust Enrichment, Violation of California Business and Professions Code Sections 17200, *et. seq.*, Rescission, Quiet Title, Breach of the Implied Covenant of Good Faith and Fair Dealing and Negligence. The complaint sought to unwind the foreclosure sale that occurred on May 9, 2011. The Debtor asserted that the foreclosure sale should not have occurred based on the loan modification and because Ocwen had instructed the trustee to cancel the foreclosure sale as a result of Debtor's successful completion of a loan modification.

On June 30, 2011, Ocwen sent a letter to the Debtor indicating that the Debtor was ineligible for a HAMP modification because his loan was in foreclosure. On July 6, 2011, Ocwen filed a demurrer to the complaint. The Debtor did not oppose the demurrer and the demurrer was sustained with leave to amend. The Debtor did not amend the complaint and the State Court Action was dismissed with prejudice on August 9, 2011.

On November 21, 2011, a Notice of Trustee's Sale was recorded scheduling a sale for December 23, 2011. On December 22, 2011, Debtor filed a complaint in the United States District

---

[2] Ocwen Loan Servicing, LLC's Supplemental Brief in Support of Opposition to Debtors' Motion for Disallowance of Proof of Claim No. 8-1 at Exh. 6, p.1.

Court for the Central District of California, against Ocwen among others, asserting claims for: (1) Violation of 12 U.S.C. § 2609; (2) Declaratory relief; (3) Wrongful Foreclosure; (4) Fraud; (5) Perrata Violation; (6) Breach of Written Permanent Modification Agreement; (7) Promissory Estoppel; (8) Negligence; (9) Violation of California Business and Professions Code Sections 17200 *et. seq* ("District Court Action").  The District Court issued a temporary restraining order and set an evidentiary hearing on the motion for preliminary injunction for January 17, 2012.  Ocwen filed a Motion to Dismiss the District Court Action on January 13, 2012.  The District Court conducted a hearing on January 17, 2012 and denied the Motion for Preliminary Injunction.  The District Court ordered counsel for defendant to file a brief regarding sanctions to be imposed against the plaintiff for the expense of all actions in that matter as of December 22, 2011 and thereafter.

On January 25, 2012, Debtor filed his petition under chapter 13 of the Bankruptcy Code and on February 6, 2012, the Debtor filed a notice of bankruptcy with the District Court and voluntarily dismissed the District Court Action.  On June 14, 2012, the District Court issued its 17-page minute order denying the Motion for Preliminary Injunction.  The District Court found that the Debtor, an attorney, lied under oath to the District Court and admitted making false statements in his testimony at the hearing on January 17, 2012.  The District Court issued terminating sanctions based on its determination that the Debtor lied under oath to get a temporary restraining order to delay the foreclosure sale of the Property.   Because the District Court ordered terminating sanctions, it declined to address Debtor's notice of voluntary dismissal without prejudice.  The District Court denied the defendants' request for attorneys' fees and costs without prejudice due to the existence of the automatic stay.

This Court finds that the Debtor is barred from asserting that the loan was permanently modified based on the doctrines of claim preclusion and issue preclusion.  "Claim preclusion is a

5

broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." Clements v. Airport Auth. of Washoe Cnty., 69 F.3d 321, 327 (9th Cir. 1995). When a state court judgment is at issue, federal courts must apply the preclusion rules of the state rendering the underlying judgment. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (applying Nevada law concerning claim preclusion to a Nevada judgment). "The analysis of preclusion by a trial court under the rules of res judicata is a two-step process. First, the court determines whether, as a matter of law, preclusion is available to be applied; then, if preclusion is available as a matter of law, the court exercises discretion whether to impose preclusion under the facts of the case." In re Siller, 427 B.R. 872, 884 (Bankr. E.D. Cal. 2010).

In California, claim preclusion "bars relitigation of a cause of action that previously was adjudicated in another proceeding between the same parties or parties in privity with them." Citizens for Open Gov't v. City of Lodi, 205 Cal.App.4th 296, 324 (2012), reh'g denied Apr. 18, 2012. Claim preclusion applies if there has been a final decision on the merits in a prior proceeding, and the present proceeding is on the same cause of action as the prior proceeding. Id. Moreover, claim preclusion bars "not only issues that were actually litigated but also issues that could have been litigated." Id.

For claim preclusion purposes, "a dismissal with prejudice is the equivalent of a final judgment on the merits, barring the entire cause of action." Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 793 (2010) (discussing the preclusive effect of a demurrer sustained without leave to amend); see also Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993) ("In California, a judgment entered after the sustaining of a general demurrer is a judgment on

the merits, and, to the extent that it adjudicates that the facts alleged do not establish a cause of action, it will bar a second action on the same facts.").

To determine whether two proceedings involve identical causes of action for claim preclusion purposes, California courts apply the "primary rights" theory. Boeken, 48 Cal.4th at 797. Under this theory, a cause of action arises from (1) an antecedent primary right and corresponding duty, and (2) the breach of such primary right and duty (3) by the person who owes the duty. Id. at 797-98. Thus, for purposes of applying the doctrine of claim preclusion, a cause of action "is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." Id. at 798.

Here, there has been a prior final judgment on the merits. In the State Court Action, the court sustained Ocwen's demurrer. After the Debtor failed to amend his complaint, the court entered a judgment of dismissal with prejudice. As noted above, a dismissal with prejudice after the sustaining of a demurrer is a final judgment on the merits. Debtor and Ocwen were both parties to the state court proceeding, and are parties in this proceeding.

Debtor's State Court Action lists the following nine causes of action: (1) declaratory relief; (2) wrongful foreclosure; (3) fraud; (4) unjust enrichment; (5) violation of Business and Professions Code § 17200; (6) rescission; (7) quiet title; (8) breach of the covenant of good faith and fair dealing; and (9) negligence. Of these causes of action, the first cause of action for declaratory relief, the fourth cause of action for unjust enrichment, the fifth cause of action for § 17200 violations, and the sixth cause of action for rescission are either derivative of, or remedies for, the other causes of action. As a result, Debtor's state court complaint alleges causes of action for violation of the following primary rights: (1) the right to be free of wrongful foreclosure; (2) the right to be free of fraud; (3) the right to clear title in the Property; (4) the right to receive the contractual benefits of the loan

7

modification agreement; and (5) the right to be free of negligence. The basis for all of the Debtor's claims in the State Court Action was the existence of the permanent loan modification agreement.

This is the same primary right asserted in the Debtor's objection to the Ocwen Claim. The Debtor asserts that the Claim should be disallowed because it fails to take into account the permanent loan modification agreement. This primary right was finally determined in the State Court Action when the action was dismissed with prejudice. Because the State Court Action finally determined this right, the Debtor cannot challenge the Ocwen's Claim based on the loan modification.

Even if the doctrine of claim preclusion did not apply, the Debtor would be barred from pursuing this claim based on the doctrine of issue preclusion. In California, a party asserting issue preclusion (or collateral estoppel) must show that "(1) the party against whom [issue preclusion] is asserted was a party in the prior proceeding; (2) the issue decided at the previous proceeding is identical to that which is sought to be relitigated; and, (3) the previous proceeding resulted in a final judgment on the merits." Lucido v. Super. Ct., 51 Cal.3d 335, 361 (1990) (citing People v. Sims, 32 Cal. 3d 468, 484 (1982)). "Issue preclusion bars relitigation of any issue which was actually litigated in the prior proceeding." Border Bus. Park, Inc. v. City of San Diego, 142 Cal.App.4th 1538, 1565 (2006).

Here, the parties in the current proceeding were parties to the State Court Action, and the State Court Action resulted in a final judgment on the merits. See Border Bus. Park, Inc., 142 Cal.App.4th at 1565 (2006). Further, the analysis is the same with respect to the primary right litigated. In the State Court Action, the Debtor raised the primary right to receive the contractual benefits of the loan modification agreement. When the court sustained the demurrer, it held that no cause of action was established.

8

Under California law, the dismissal with prejudice of the State Court Action following the demurrer will not bar a claim based on new or additional facts alleged that cure the defects in the original pleading. L.E. Crowley v. Modern Faucet Mfg. Co. et al., 44 Cal.2d 321, 323 (Cal. S.Ct. 1995) (en banc) quoting Keidatz v. Albany, 39 Cal.2d 826, 828 (1952). Here, according to the Debtor, the loan modification agreement had been entered into prior to the filing of the state court complaint. Debtor has alleged no new or additional facts that would show that the judgment in the State Court Action does not result in claim or issue preclusion here.

Ocwen further argues that the issuance of terminating sanctions by the District Court also serves as a judgment on the merits and results in claim preclusion on this issue. The Court agrees with the Debtor in this regard—that the Debtor's voluntary dismissal of the District Court Action was effective to deprive the court of jurisdiction. Under Federal Rule of Civil Procedure 41, a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or by stipulation. Fed. R. Civ. P. 41(a)(1)(A). Unless the notice or stipulation states otherwise, this dismissal is without prejudice. Id. 41(a)(1)(B). "A dismissal without prejudice under Rule 41(a)(1)(i) does not decide the case on the merits." Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1076 (7th Cir. 1987).

Under Ninth Circuit law, a "district court has no role to play once a notice of dismissal under Rule 41(a)(1) is filed. The action is terminated at that point, as if no action had ever been filed." Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1080 (9th Cir. 1999). As a result, the District Court Action was dismissed upon the filing of the notice of dismissal by Debtor on February 6, 2012. Nevertheless, "nothing in the language of Rule 41(a)(1)(i), Rule 11, or other statute or Federal Rule terminates a district court's authority to impose sanctions after such a dismissal." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990).

9

Ocwen also asserts that the Debtor's voluntary dismissal of the District Court Action invokes the two dismissal rule and is therefore deemed to be a dismissal with prejudice. Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure provides "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). "Under the two dismissal rule, 'if the plaintiff invokes Rule 41(a)(1) a second time for an "action based on or including the same claim," the action must be dismissed with prejudice.'" In re Chi-Chi's, Inc., 338 B.R. 618, 621 (Bankr. D. Del. 2006). "It limits access to the federal courts for those who file serial lawsuits." In re Camacho, 489 B.R. 837, 840 (Bankr. E.D. Cal. 2013). Ocwen argues that the Debtor's dismissal of the District Court Action brings the two dismissal rule into play and bars relitigation of this issue. However, this rule only applies to situations where the plaintiff voluntarily dismisses both actions. That is not the case here. The State Court Action was dismissed by the court upon the motion of Ocwen. Thus, the two dismissal rule does not apply.

However, because the Debtor is barred from relitigating the loan modification agreement by the judgment in the State Court Action, the Motion to Disallow the Claim cannot succeed. Accordingly, that motion will be denied.

In addition, Ocwen's Motion for Relief From Stay is granted pursuant to 11 U.S.C. § 362(d)(1) to permit Ocwen, its successors, transferees and assigns, to enforce its remedies to repossess or otherwise obtain possession and dispose of its collateral pursuant to applicable law, and to use the proceeds from its disposition to satisfy its claim. Ocwen may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501. Ocwen is secured by a deed of trust encumbering the Debtor's residence. The Debtor

has failed to pay all post-petition payments. This is cause to terminate the automatic stay. See <u>Ellis v. Parr (In re Ellis)</u>, 60 B.R. 432, 434-35 (9th Cir. BAP 1985).

The Court will enter orders on the motions consistent with this Memorandum of Decision. The order granting relief from stay will be stayed 30-days to allow the Debtor an opportunity to become current on the loan payments.

###

Date: April 25, 2014

*Julia W Brand*
Julia W. Brand
United States Bankruptcy Judge